Frank W. Compagni (A7174)
Bretton L. Crockett (A8573)
MORRISS O'BRYANT COMPAGNI, PC
734 East 200 South
Salt Lake City, Utah 84102
Telephone: (801) 478-0071
Facsimile:  (801) 478-0076

*Attorneys for Plaintiff Kindig-it Design, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KINDIG-IT DESIGN, INC., a Utah Corporation,<br><br>   Plaintiff<br><br>   vs.<br><br>CREATIVE CONTROLS, INC. a Michigan Corporation, and Does 1-10,<br><br>   Defendants | **COMPLAINT**<br><br>Civil No.:  2:14-cv-00867-RJS<br><br>Honorable:  Robert J. Shelby<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, KINDIG-IT DESIGN, INC., by and through its attorneys, complains against

Defendants CREATIVE CONTROLS, INC. and Does 1-10, (hereinafter collectively referred to as

"Defendants") and hereby alleges as follows:


**STATUS OF PARTIES**

1.      Plaintiff, KINDIG-IT DESIGN, INC., (hereinafter referred to as "Kindig") is a corporation

organized and existing under the laws of the state of Utah, and has a principal place of business at

164 East Hill Avenue, Salt Lake City, Utah 84107.

2.     On information and belief, Defendant, CREATIVE CONTROLS, INC., (hereinafter referred to as "CCI") is a corporation organized and existing under the laws of the state of Michigan, and has a principal place of business at 32217 Stephenson Highway, Madison Heights, Michigan 48071.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to the laws of the United States, including title 28 U.S.C. §§ 1331, 1338, and 1367, and pursuant to Plaintiff's causes of action identified below under 17 U.S.C. § 501 et seq., under 15 U.S.C. 1125, 35 U.S.C. 292, and under 35 U.S.C. 271.

4.     This Court has personal jurisdiction over each of the Defendants by virtue of transacting and doing business in the state of Utah, activity in the state of Utah, or causing other tortious injury in the state of Utah.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(c) because the Defendant(s) committed acts of infringement within this district.  Venue is also proper under 28 U.S.C. § 1400(a) and (b) in that Defendants have committed acts of patent infringement within the District of Utah and throughout the United States.

6.     This Court has pendent jurisdiction of the other causes of action set forth herein under the provisions of 28 U.S.C.A. §1338(b) in that other causes of action are joined with a substantial and related claim to the copyright infringement claim under 17 U.S.C. § 501 et seq.

## BACKGROUND

7.     Kindig has been in the business of customizing, marketing and selling custom hot rods since 2004.

8.      Kindig manufactures and sells high quality automobile customization products, including flush-mounted replacement automotive door handles which are sold under the name Smooth Door Handles.

9.      Kindig is the owner of United States Patent 8,544,904 (the "'904 patent") which duly and legally issued on October 1, 2013, for a "Replacement Door Handle For Vehicle."  A copy of the '904 patent is appended hereto as Exhibit A.

10.     The '904 patent was duly and legally assigned to Kindig on or about April 5, 2011.

11.     Kindig is the owner of United States Patent 8,894,109 (the "'109 patent") which duly and legally issued on November 25, 2014, for a "Replacement Door Handle For Vehicle."  A copy of the '109 patent is appended hereto as Exhibit B.

12.     The '109 patent was duly and legally assigned to Kindig on or about April 5, 2011.

13.     Kindig owns and operates a website at www.kindigit.com (the "Kindig website") through which it advertises its services and sells goods, including its apparel and Smooth door Handles.

14.     Kindig is the owner of a currently pending Application for U.S. Copyright Registration for the work entitled "www.kindigit.com (October 2014)" (the "Website Work"), which was filed on November 17, 2014 (a copy of which is attached hereto as Exhibit C).

15.     The Website Work was first published via the Internet on October 17, 2014 and incorporates material including images from earlier versions of the Kindig website going back at least to the first version of the current website which was posted in 2012 and includes content created and/or owned by Kindig.

16.     Kindig is the owner of a currently pending Application for U.S. Copyright Registration for the work entitled "1964 Cadillac Photo Gallery" (the "Cadillac Work"), which was filed on November 17, 2014 (a copy of which is attached hereto as Exhibit D).

3

17.    The Cadillac Work was first published via the Internet in 2012.

18.    Kindig is the owner of a currently pending Application for U.S. Copyright Registration for the work entitled "Hess Camaro Photo Gallery" (the "Camaro Work"), which was filed on November 17, 2014 (a copy of which is attached hereto as Exhibit E).

19.    The Camaro Work was first published via the Internet in 2009.

20.    Kindig is the owner of a currently pending Application for U.S. Copyright Registration for the work entitled "Blue Truck and Unfinished Door Photo" (the "Blue Truck Work"), which was filed on November 17, 2014 (a copy of which is attached hereto as Exhibit F).

21.    The Blue Truck Work was first published via the Internet in 2014.

22.    Kindig is the owner of a currently pending Application for U.S. Copyright Registration for the work entitled "1965 Chevy Photo Gallery" (the "Chevy Work"), which was filed on November 17, 2014 (a copy of which is attached hereto as Exhibit G).

23.    The Chevy Work was first published via the Internet in 2012.

24.    CCI is now producing and marketing for sale a replacement automotive door handle identified as "Smooth Door Handles," which incorporates and copies elements of the '904 patent disclosure.

25.    Upon information and belief, CCI is present and operating throughout the United States, including the state of Utah, marketing and making sales to customers located throughout the United States, including the state of Utah.

26.    Upon information and belief, CCI currently operates a website accessible at the URL: http://www.silenthand.co (the "Silent Hand website").  This domain name is registered to CCI.  A printed copy of a "Who-Is" internet search of this domain name registration is appended hereto as Exhibit H.

27.    CCI's products, including the Smooth Door Handles system, may be purchased through the Silent Hand website from any location, including Utah.  Printed copies of pages from the Silent Hand website demonstrating how products may be purchased therethrough are appended hereto as Exhibit I.

28.    On information and belief, Defendants had access to the Work of Kindig at the time that Defendants' created the website located at the URL www.silenthand.co.

29.    On information and belief, Defendant CCI controls the content and operation of the website located at the URL www.silenthand.co.

30.    The Silent Hand website homepage located at the URL silenthand.co contains photographs of customized automobiles which are nearly identical to photographs of customized automobiles found on the Kindig website.

31.    The Silent Hand website homepage is an unauthorized copy and/or derivative work of the copyrighted subject matter of Kindig Website.

32.    The Silent Hand website homepage located at the URL silenthand.co contains photographs of customized automobiles which are nearly identical to photographs of in the copyrighted Cadillac Work.

33.    The Silent Hand website homepage is an unauthorized copy and/or derivative work of the copyrighted subject matter of the Cadillac Work.

34.    On information and belief, photographs used on the Silent Hand website which are nearly identical to the homepage Defendants depict automobiles customized with Kindig's Smooth Door Handles.

35.    On information and belief, Defendants have committed fraud by intentionally providing, with intent to deceive, false and/or misleading statements and information on the Silent Hand

website.

36.     On information and belief, the Defendants created the product content for the webpage at the

URL: http://www.ebay.com/itm/Smooth-Door-Handle-Custom-Car-Truck-

/181438443863?pt=Motors_Car_Truck_Parts_Accessories&hash=item2a3e92f157&vxp=mtr

(hereinafter the "SH eBay Page" a copy of which is attached hereto as Exhibit J) and its content is

controlled and operated by Defendants.

37.     The SH eBay Page offers the Silent Hand Smooth Door Handles for sale.

38.     On information and belief, Defendants had access to the Work at the time that Defendants'

created the SH eBay Page.

39.     On information and belief, Defendants controlled the product content, including the

photographs and the description portion of the SH eBay page.

40.     The SH eBay Page contains images copied from the Kindig Website.

41.     On information and belief, the images of the customized blue truck, the unpainted

automotive door with a Smooth Door Handle, and the customized Hess Camaro on the SH eBay

page are copyrighted images taken from the Kindig Website.

42.     The images of the customized blue truck, the unpainted automotive door with a Smooth

Door Handle, and the customized Hess Camaro on the SH eBay page are unauthorized copies

and/or derivative works of the copyrighted subject matter of the Kindig Website.

43.     The image of the customized Hess Camaro on the SH eBay page is an unauthorized copy

and/or derivative works of the copyrighted subject matter of the copyrighted Hess Camaro Work.

44.     The image of the customized blue truck and the unpainted automotive door with a Smooth

Door Handle on the SH eBay page is an unauthorized copy and/or derivative works of the

copyrighted subject matter of the copyrighted Blue Truck Work.

6

45.     On information and belief, the images of the customized blue truck, the unpainted automotive door with a Smooth Door Handle, and the customized Hess Camaro on the SH eBay page are photographs of the Kindig Smooth Door Handle Product.

46.     On information and belief, the images of the customized blue truck, the unpainted automotive door with a Smooth Door Handle, and the customized Hess Camaro on the SH eBay page are false and misleading and constitute false advertising because such photographs do not depict the Silent Hand Smooth Door Handle product.

47.     On information and belief, Defendants have committed fraud by intentionally providing, with intent to deceive, false and/or misleading images and information on the SH eBay Page.

48.     On information and belief, Defendants placed additional eBay listings offering the Silent Hand Smooth Door Handle Product for sale which were nearly identical or similar in content to the SH eBay Page.

49.     On or about November 4, 2014, Mark Anthony Zarate had a conversation with a Jerry Brock at the 2014 SEMA Show in Las Vegas, Nevada.

50.     Mr. Zarate is  the Marketing and Project Vehicle Coordinator of Vintage Air, Inc.

51.      On information and belief, Jerry Brock is a Marketing and Sales Representative for Defendant, Creative Controls, Inc.

52.     On information and belief, at the SEMA Show Mr. Brock made disparaging statements regarding Kindig's Smooth Door Handle products to Mr. Zarate, including that Kindig's Smooth Door Handle products were "junk".

53.     On information and belief,, at the SEMA Show Mr. Brock made disparaging statements regarding Kindig to Mr. Zarate, including that Kindig "was raping people" by selling its Smooth Door Handle products.

54.     On information and belief, at the SEMA Show Mr. Brock made similar disparaging statements regarding Kindig and its products to at least one other customer.

55.     Upon information and belief, Defendants or their agents made disparaging statements, similar to those made to Mr. Zarate, about Kindig and its products to other individuals at the 2014 SEMA Show.

56.     The disparaging statements made by Defendants at the 2014 SEMA Show regarding Kindig and its products are false.

57.     The disparaging statements made by Defendants at the 2014 Show regarding Kindig and its products are defamatory.

58.     Kindig has suffered harm from the disparaging statements made by Defendants at the 2014 Show regarding it.

59.     On information and belief, Defendants or their agents have made disparaging statements, similar to those made to Mr. Zarate at the 2014 SEMA Show, about Kindig and its products to other individuals at other places and times and continues to do so.

60.     On information and belief, Defendants disparaging statements regarding Kindig and its products are false and defamatory.

61.     Kindig has suffered harm from the ongoing conduct of Defendants in making disparaging statements about it and its products to customers and potential customers.

62.     On information and belief, Defendants have committed fraud by making false and disparaging statements to customers and potential customers.

**FIRST CLAIM FOR RELIEF**
(Patent Infringement of United States Patent 8,544,904)

63.     Plaintiff hereby incorporates by reference the preceding and foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

64.     United States Patent 8,544,904 (the "'904 patent") relates to a Replacement Door Handle for Vehicles which is a flush mounted vehicle door handle.

65.     Kindig is the owner by assignment of the '904 patent.

66.     Defendants are currently making, selling and offering to sell flush mounted vehicle door handles, including the Silent Hand Smooth Door Handles, which are within the scope of the '904 patent.  The making, selling, and offering for sale of such flush mounted vehicle door handles has occurred, and continues to occur, without authority or license from Kindig, and in violation of Kindig's rights, thereby infringing the '904 patent, either directly or under the doctrine of equivalents.  Defendants have thus directly infringed, induced others to infringe, and contributorily infringed the '904 patent.

67.     The amount of money damages which Kindig has suffered due to Defendant's acts of infringement cannot be determined without an accounting, and is thus subject to proof at trial.  The harm to Kindig arising from Defendants' acts of infringement of the '904 patent is not fully compensable by money damages, but further results in irreparable harm to Kindig.

68.     Upon information and belief, Defendants' infringement was and is willful and wanton so that Kindig is entitled to increased damages under 35 U.S.C. § 284.

69.     Kindig has been and will continue to be severely damaged by the unlawful infringement of Defendants, and unless such infringement is abated and enjoined by this Court, Kindig will suffer

irreparable damage. Kindig is entitled to preliminary and permanent injunctions restraining

Defendants from further acts of infringement.

70.     This is an exceptional case within the meaning of 35 U.S.C. § 285, and Kindig is thereby

entitled to recover its reasonable attorneys' fees.


## SECOND CLAIM FOR RELIEF
### (Patent Infringement of United States Patent 8,894,109)

71.     Plaintiff hereby incorporates by reference the preceding and foregoing paragraphs of this

Complaint as if fully set forth herein and further alleges as follows.

72.     United States Patent 8,894,109 (the "'109 patent") relates to a Replacement Door Handle for

Vehicles which is a flush mounted vehicle door handle.

73.     Kindig is the owner by assignment of the '109 patent.

74.     Defendants are currently making, selling and offering to sell flush mounted vehicle door

handles, including the Silent Hand Smooth Door Handles, which are within the scope of the '109

patent. The making, selling, and offering for sale of such flush mounted vehicle door handles has

occurred, and continues to occur, without authority or license from Kindig, and in violation of

Kindig's rights, thereby infringing the '109 patent, either directly or under the doctrine of

equivalents. Defendants have thus directly infringed, induced others to infringe, and contributorily

infringed the '109 patent.

75.     The amount of money damages which Kindig has suffered due to Defendant's acts of

infringement cannot be determined without an accounting, and is thus subject to proof at trial. The

harm to Kindig arising from Defendants' acts of infringement of the '109 patent is not fully

compensable by money damages, but further results in irreparable harm to Kindig.

10

76.     Upon information and belief, Defendants' infringement was and is willful and wanton so that Kindig is entitled to increased damages under 35 U.S.C. § 284.

77.     Kindig has been and will continue to be severely damaged by the unlawful infringement of Defendants, and unless such infringement is abated and enjoined by this Court, Kindig will suffer irreparable damage.  Kindig is entitled to preliminary and permanent injunctions restraining Defendants from further acts of infringement.

78.     This is an exceptional case within the meaning of 35 U.S.C. § 285, and Kindig is thereby entitled to recover its reasonable attorneys' fees.


### THIRD CLAIM FOR RELIEF

(Copyright Infringement by Silent Hand website under the Copyright Act, 17 U.S.C. § 501)

79.     Plaintiff hereby incorporates by reference the preceding and foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

80.     Plaintiff is the owner of the currently pending Applications for U.S. Copyright Registration for the works entitled "www.kindigit.com (October 2014)" and "1964 Cadillac Photo Gallery".

81.     Defendants' Silent Hand website copies Plaintiff's copyrighted Works and/or copyrighted portions thereof.

82.     In the event that Defendants' Silent Hand website is not a direct infringement of the Works, Defendants' website is at least a derivative work of the Plaintiff's copyrighted Works.

83.     Defendants' Silent Hand website infringes Plaintiff's copyrights in the Works.

84.     On information and belief, Defendants have copied, reproduced, prepared derivative works based on the Works, and/or distributed copies of the Works and/or copyrightable portions thereof to others.

11

85.     Defendants have infringed the copyrights in the Works by posting their website which includes subject matter that infringes one or both of the Works and/or copyrightable portions thereof.

86.     Plaintiff has been damaged by Defendants' infringement of Plaintiff's copyrights in an amount to be determined at trial.

87.     Defendant's actions as described in this Complaint have and will continue to result in immediate and irreparable injury and damage to Plaintiff.

88.     Defendants should be temporarily and permanently enjoined from any further selling, distributing or copying the Works.

89.     The infringing materials should be impounded by the Court as well as all articles by means of which copies have been produced and records documenting the manufacture, sale or receipt of things involved in the infringement under 17 USC § 503.


**FOURTH CLAIM FOR RELIEF**

(Copyright Infringement by SH eBay Page under the Copyright Act, 17 U.S.C. § 501)

90.     Plaintiff hereby incorporates by reference the preceding and foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

91.     Plaintiff is the owner of the currently pending Applications for U.S. Copyright Registration for the works entitled "www.kindigit.com (October 2014)" , "Hess Camaro Photo Gallery",  "Blue Truck and Unfinished Door Photo", and "1965 Chevy Photo Gallery".

92.     Defendants' SH eBay Page copies Plaintiff's copyrighted Works and/or copyrighted portions thereof.

93.     In the event that Defendants' SH eBay Page is not a direct infringement of the Works, Defendants' SH eBay Page is at least a derivative work of the Plaintiff's copyrighted Works.

94.     Defendants' SH eBay Page infringes Plaintiff's copyrights in the Works.

95.     On information and belief, Defendants have copied, reproduced, prepared derivative works based on the Works, and/or distributed copies of the Works and/or copyrightable portions thereof to others.

96.     Defendants have infringed the copyrights in the Works by posting their SH eBay Page which includes subject matter that infringes one or both of the Works and/or copyrightable portions thereof.

97.     Plaintiff has been damaged by Defendants' infringement of Plaintiff's copyrights in an amount to be determined at trial.

98.     Defendant's actions as described in this Complaint have and will continue to result in immediate and irreparable injury and damage to Plaintiff.

99.     Defendants should be temporarily and permanently enjoined from any further selling, distributing or copying the Works.

100.    The infringing materials should be impounded by the Court as well as all articles by means of which copies have been produced and records documenting the manufacture, sale or receipt of things involved in the infringement under 17 USC § 503.


## FIFTH CLAIM FOR RELIEF

(False Advertising under the Lanham Act, 15 USC § 1125)

101.    Plaintiff hereby incorporates by reference the preceding and foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

102.   Defendants having included images and information on at least their Silent Hand website and SH eBay Page that are false and/or misleading.

103.   Defendants have used images depicting Plaintiff's product in connection with false and misleading statements to create the impression that such images are of Defendants competing product.

104.   Such false and/or misleading statements was included in Defendants' webpages knowing that the information was false and/or misleading.

105.   The use of such product images of Plaintiff's products by Defendants constitutes false advertising and deceptive trade practices and is a violation of the Lanham Act.

106.   Plaintiff has been damaged by Defendants' false advertising in an amount to be determined at trial.

107.   Defendants' actions as described in this Complaint have and will continue to result in immediate and irreparable injury and damage to Plaintiff.

108.   Defendants' acts of false advertising were done willfully and this intent to deceive.

109.   Plaintiff should be awarded Defendant's profits in the sales of its products in an amount to be determined at trial.

110.   Defendants' should be required by the Court to promulgate corrective advertising.

111.   Plaintiff should be awarded its attorneys' fees and costs.

112.   Defendants' actions as described in this Complaint have and will continue to result in immediate and irreparable injury and damage to Plaintiff.

113.   Defendants should be temporarily and permanently enjoined from any further deceptive trade practices and false advertising.

114.    Plaintiff should be awarded its lost profits as a result of the sales of Defendants' products in an amount to be determined at trial.

115.    The acts and conduct of the Defendants' set forth above were done knowingly and willfully.

116.    To deter further such conduct by the Defendants, and to serve as an example, Plaintiff should be awarded additional and further exemplary and punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined at trial.

## SIXTH CLAIM FOR RELIEF

(Deceptive Trade Practices under the Truth in Advertising Act, 13-11a-3 Utah Code)

117.    Plaintiff hereby incorporates by reference the preceding and foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

118.    Defendants having included images and information on at least their Silent Hand website and SH eBay Page that are false and/or misleading.

119.    Defendants have used images depicting Plaintiff's product in connection with false and misleading statements to create the impression that such images are of Defendants competing product.

120.    Such false and/or misleading statements include information which was included in Defendants' webpages knowing that the information was false and/or misleading.

121.    Such willful false and/or misleading statements constitute false advertising and deceptive trade practices and are a violation of the Truth in Advertising Act.

122.    Plaintiff has been damaged by Defendants' false advertising in an amount to be determined at trial.

123.    Defendants' actions as described in this Complaint have and will continue to result in immediate and irreparable injury and damage to Plaintiff.

124.    Defendants' false advertising was done willfully.

125.    Plaintiff should be awarded Defendants' profits in the sales of Defendants' products in an amount to be determined at trial.

126.    The Defendants should be required by the Court to promulgate corrective advertising.

127.    Plaintiff has been damaged by Defendants' false advertising and deceptive trade practices in an amount to be determined at trial.

128.    Plaintiff should be awarded its attorneys' fees and costs.

129.    Defendants' actions as described in this Complaint have and will continue to result in immediate and irreparable injury and damage to Plaintiff.

130.    Defendant should be temporarily and permanently enjoined from any further false advertising and deceptive trade practices.

131.    The acts and conduct of the Defendants' set forth above were done knowingly and willfully. To deter further such conduct by the Defendants, and to serve as an example, Plaintiff should be awarded additional and further exemplary and punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined at trial.

## <u>SEVENTH CLAIM FOR RELIEF</u>

(Unfair Competition under the Unfair Competition Act, 13-5a-102 *et seq.* Utah Code)

132.    Plaintiff hereby incorporates by reference the preceding and foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

133.    Defendants having included images and information on at least their Silent Hand website and SH eBay Page that are false and/or misleading.

134.    Defendants have used images depicting Plaintiff's product in connection with false and misleading statements to create the impression that such images are of Defendants competing product.

135.    Such false and/or misleading statements include information which was included in Defendants' webpages knowing that the information was false and/or misleading.

136.    Such willful false and/or misleading statements constitute unlawful, unfair or fraudulent practices and have damaged, and will continue to damage, the value of Plaintiff's intellectual; property in violation of the Unfair Competition Act.

137.    Plaintiff has been damaged by Defendants' unfair competition in an amount to be determined at trial.

138.    Defendants' actions as described in this Complaint have and will continue to result in immediate and irreparable injury and damage to Plaintiff.

139.    Defendants' unfair competition was done willfully.

140.    Plaintiff should be awarded its attorneys' fees and costs.

141.    The acts and conduct of the Defendants' set forth above were done knowingly and willfully. To deter further such conduct by the Defendants, and to serve as an example, Plaintiff should be awarded additional and further exemplary and punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

(Unjust Enrichment)

142.    Plaintiff hereby incorporates by reference the preceding and foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

143.    The Defendants have been unjustly enriched by said wrongful acts of the Defendants.

144.    Upon information and belief, Defendants have increased the sales of their Smooth Door Handle products by using, publishing, posting or otherwise disseminating materials that misappropriate the copyrights of Plaintiff, and/or constitute false advertising or deceptive trade practices.

145.    Upon information and belief, the Defendants have saved significant resources in providing the Works or copyrighted portions thereof to its customers by infringing Plaintiff's copyright rather than creating its own non-infringing content.

146.    Upon information and belief, the Defendants have monetarily benefited at the expense of Plaintiff and have saved significant resources in providing the Works or copyrighted portions thereof to its customers by infringing Plaintiff's copyright rather than creating its own non-infringing content.

147.    Unless the Court restrains the Defendants from committing further wrongful acts, Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

148.    As a direct result of the above-referenced wrongful conduct of the Defendants, the Defendants have unjustly benefitted from the use of Plaintiff's materials, by passing off their products as Plaintiff's products and by making false and/or misleading statements on their websites in order to make sales of their products.  Plaintiff should therefore be awarded an amount not presently known but in an amount determined at trial.

149.    Plaintiff should be awarded its attorneys' fees and costs.

150.    The acts and conduct of the Defendants set forth above were done knowingly, maliciously, and willfully.  To deter further such conduct by the Defendants, and to serve as an example, Plaintiff should be awarded additional and further exemplary and punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined at trial.


## NINTH CLAIM FOR RELIEF

### (Fraud)

151.    Plaintiff hereby incorporates by reference the preceding and foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

152.    Defendants have intentionally and with intent to deceive included false and/or misleading information on the Silent Hand website.

153.    Defendants have intentionally and with intent to deceive included false and/or misleading information on the SH eBay Page.

154.    Defendants used the false and/or misleading information to promote and sell the Silent Hand Smooth Door Handle product.

155.    Defendants' use of the false and/or misleading information to promote and sell the Silent Hand Smooth Door Handle product was deliberate and with intent to deceive or mislead the public.

156.    Plaintiff has been damaged by Defendant fraudulent behavior in an amount to be determined at trial.

157.    Plaintiff should be awarded its attorneys' fees and costs.

158.    The acts and conduct of the Defendants set forth above were done knowingly, maliciously, and willfully.  To deter further such conduct by the Defendants, and to serve as an example,

Plaintiff should be awarded additional and further exemplary and punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined at trial.

## TENTH CLAIM FOR RELIEF

### (Conversion)

159.    Plaintiff hereby incorporates by reference the preceding and foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

160.    Defendants willfully misappropriated Plaintiff's Work.

161.    Defendants did not have justification in retaining copies of the Works or any portion thereof.

162.    On information and belief Defendants have converted Plaintiff's Works or portions thereof for their own use.

163.    Defendants had no legal right to convert Plaintiff's Works or portions thereof for their own use.

164.    Plaintiff is entitled to immediate possession of all copies of the Works and portions thereof whether in print or electronic form.

165.    Plaintiff has been damaged by Defendants' acts of conversion in an amount to be determined at trial.

166.    Plaintiff should be awarded its attorneys' fees and costs.

167.    The acts and conduct of the Defendants set forth above were done knowingly, maliciously, and willfully.  To further deter such conduct by the Defendants, and to serve as an example, Plaintiff should be awarded additional and further exemplary and punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined at trial.

## ELEVENTH CLAIM FOR RELIEF

(Common Law Business Disparagement/Defamation)

168.    Plaintiff hereby incorporates by reference the preceding and foregoing paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

169.    Defendants' did have made, or have caused to have been made, to customers and potential customer of Kindig false statements harmful to the interests of Kindig with the intent that such false statements would cause harm to the interests of Kindig.

170.    At the time Defendants made the false statements they knew that the statements were false or acted in reckless disregard of their truth or falsity.

171.    Kindig has been damaged by the Defendants' conduct as complained of herein, in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.    Jurisdiction is present and venue is proper.

B.    U.S. Patent 8,544,904 is good and not invalid in law and has been infringed by Defendants.

C.    Kindig be awarded damages under 35 U.S.C. § 284 for the unlawful and unauthorized infringement by Defendants adequate to compensate Kindig for the aforesaid patent infringement of the '904 patent, including Kindig's lost profits, but in no event less than a

reasonable royalty for each of the infringed patents and Defendants' total profits, plus prejudgment and postjudgment interest.

D.      The aforesaid infringement of the '904 patent by Defendants has been deliberate, willful and wanton and, therefore, Kindig thereby be awarded increased damages of three times the amount found or assessed under 35 U.S.C. § 284, to the extent elected by Kindig.

E.      Preliminary and permanent injunctions be granted under 35 U.S.C. § 283, enjoining Defendants and their agents, representatives, servants, employees, officers, directors, successors, assigns and all those controlled by them or in active consort therewith, from further acts of infringement of the '904 patent.

F.      The case be deemed exceptional and Kindig be awarded its reasonable attorneys' fees under 35 U.S.C. § 285.

G.      U.S. Patent 8,894,109 is good and not invalid in law and has been infringed by Defendants.

H.      Kindig be awarded damages under 35 U.S.C. § 284 for the unlawful and unauthorized infringement by Defendants adequate to compensate Kindig for the aforesaid patent infringement of the '109 patent, including Kindig's lost profits, but in no event less than a reasonable royalty for each of the infringed patents and Defendants' total profits, plus prejudgment and postjudgment interest.

I.      The aforesaid infringement of the '109 patent by Defendants has been deliberate, willful and wanton and, therefore, Kindig thereby be awarded increased damages of three times the amount found or assessed under 35 U.S.C. § 284, to the extent elected by Kindig.

J.      Preliminary and permanent injunctions be granted under 35 U.S.C. § 283, enjoining Defendants and their agents, representatives, servants, employees, officers, directors, successors,

assigns and all those controlled by them or in active consort therewith, from further acts of infringement of the '109 patent.

K.     The case be deemed exceptional and Kindig be awarded its reasonable attorneys' fees under 35 U.S.C. § 285.

L.     Judgment that Plaintiff's copyrights in the Works are valid and infringed.

M.     For an award of damages suffered as a result of Defendants' infringement of Plaintiff's copyrighted Works, in addition to any profits of the Defendants that are attributable to the infringement of Plaintiff's Works.

N.     For an award of statutory damages and attorneys fees as a result of Defendants' infringement of Plaintiff's copyrighted Works.

O.     For a temporary and permanent injunction enjoining and restraining Defendants from directly or indirectly using, copying, transmitting, transferring, disclosing, assigning, selling, reproducing, making derivative copies of or releasing in any manner Plaintiff's copyrighted Work(s) or derivative works thereof.

P.     For a temporary and permanent injunction enjoining and restraining Defendants from any further deceptive trade practices, false advertising and unfair competition.

Q.     For an award of Defendants' profits in the sale of Defendants' products.

R.     For an award of Plaintiff's lost profits.

S.     For an award of damages in an amount commensurate with the damage to Plaintiff's business.

T.     For an award of punitive damages as a result of Defendants knowing, malicious, and/or willful acts.

U.     For Defendants to be required to promulgate corrective advertising.

23

V.      Judgment that Plaintiff is entitled to equitable relief as a result of Defendants' unjust enrichment in an amount to be determined at trial.

W.      For an award of damages based on Defendants' conversion of Plaintiff's Work in an amount to be determined at trial.

X.      For an issuance of preliminary and permanent injunctions ordering the Defendants to immediately destroy and cease all distribution, sales and use of Defendants' infringing materials.

Y.      For an impounding all infringing materials as well as all articles by means of which copies may be produced and records documenting the manufacture, sale or receipt of things involved in the infringement.

Z.      For punitive damages in an amount sufficient to deter Defendants conduct in the future in an amount is to be determined at trial

AA.     For Plaintiff's additional damages in an amount to be determined at trial.

BB.     For Plaintiff's costs of suit.

CC.     For Plaintiff's attorneys' fees.

DD.     For all such other and further legal and equitable relief as the Court deems proper.


## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED this 25th day of November, 2014.

Respectfully submitted,

MORRISS O'BRYANT COMPAGNI P.C.


  /s/ Frank W. Compagni
Frank W. Compagni