IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KINDIG IT DESIGN, INC., a Utah corporation;<br><br>                  Plaintiff,<br>v.<br><br>CREATIVE CONTROLS, INC.,  a Michigan corporation; SPEEDWAY MOTORS, INC., a Nebraska corporation; RUTTER'S ROD SHOP, INC., a North Carolina Corporation; and Does 1-18;<br><br>                  Defendants. | **ORDER GRANTING KINDIG-IT DESIGN'S MOTION TO DISMISS COUNTERCLAIM OF DEFENDANT SPEEDWAY MOTORS, INC. UNDER RULE 12(B)(6)**<br><br>Case No. 2:14-cv-00867-JNP-BCW<br><br>District Judge Jill N. Parrish |

Before the court is a motion to dismiss brought by plaintiff Kindig-It Design, Inc. ("Kindig") against defendant Speedway Motors, Inc. ("Speedway"). (Docket 90). The court originally set a hearing on the motion for June 13, 2016. However, upon further review, the court has determined that a hearing is not necessary and it is hereby vacated. Upon review of the written submissions by the parties and the relevant legal authorities, the court GRANTS Kindig's Motion to Dismiss Speedway's Counterclaim. (Docket 90).

Kindig brought this action against Speedway alleging that Speedway had infringed upon its patents. In its "Answer, Counterclaim, and Cross-Claim," Speedway attempted to assert a counterclaim pursuant to 28 U.S.C. section 1927 and 35 U.S.C. section 285. (Docket 87). Speedway "request[ed] an order declaring Kindig-IT and its attorneys vexatious litigants and awarding Speedway Motors its costs, expenses, and attorneys' fees reasonably incurred because of Kindig-IT's and its attorneys conduct." Kindig subsequently brought this motion to dismiss.

Speedway has not provided the court with any authority, from any court in the nation, for the proposition that 28 U.S.C. section 1927 and 35 U.S.C. section 285 can give rise to an

independent cause of action in the form of a counterclaim. Rather, both statutes address the award of attorneys' fees under those statutes in terms of sanctions. In short, the statutes are not enforced by bringing counterclaims. Rather, they are enforced by way of a motion for sanctions. *See, e.g.*, *French v. Chosin Few, Inc.*, 173 F. Supp. 2d 451, 456 (W.D.N.C. 2001) (A "claim for sanctions is properly brought as a motion rather than a counterclaim."); *Wieglos v. Commonwealth Edison Co.*, 688 F. Supp. 331, 333 (N.D. Ill. 1988) (Holding that the defendant's "contentions [for relief under 28 U.S.C. section 1927] are inappropriate for a counterclaim. Instead they should be brought as motions for sanctions.").

Accordingly, the court GRANTS Kindig's Motion to Dismiss. (Docket 90). Nothing in this order, however, prevents Speedway motors from bringing a motion for sanctions requesting the relief it previously sought by way of a counterclaim. The court notes, however, the possibility that such a request may be premature at this early stage of the proceedings.[1]

Signed June 3, 2016.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[1] Indeed, to the extent there is truly only $1,100.00 at issue, a more appropriate procedural mechanism may be an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure.