IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KINDIG-IT DESIGN, INC.;<br><br>Plaintiff,<br>v.<br><br>CREATIVE CONTROLS, INC.; SPEEDWAY MOTORS, INC.; RUTTER'S ROD SHOP, INC.; and Does 1-18;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL**<br><br>Case No. 2:14-cv-00867-JNP-BCW<br><br>District Judge Jill N. Parrish |

Before the court is Kindig-It Design, Inc.'s motion to compel Creative Controls, Inc. to provide further responses to its discovery request. [Docket 117]. The motion is DENIED.

The magistrate judge entered the first scheduling order in this case on March 4, 2016. [Docket 82]. The order required fact discovery to be completed by November 18, 2016. A default certificate was entered against Creative Controls on May 19, 2016. [Docket 99]. Thereafter, Kindig-It and defendant Speedway Motors, Inc. stipulated to a revised scheduling order, noting that patent infringement claims, which had been dismissed as to Creative Controls, were still at issue against Speedway and that specific deadlines under the local patent rules were required. [Docket 102]. The magistrate judge entered a revised scheduling order on July 27, 2016. [Docket 103]. The revised order included a deadline to serve written discovery before claim construction on February 7, 2016. The order closed fact discovery on March 9, 2017.

On November 23, 2016, Kindig-It served its first set of discovery requests on Creative Controls. On January 17, 2017, Creative Controls responded to the request. On April 10, 2017, Kindig-It filed the present motion to compel, arguing that the responses provided by Creative Controls were inadequate. The court denies the motion to compel for two reasons.

First, the motion is late. There is some ambiguity as to whether the second scheduling order, which established specific deadlines related to the patent claims against Speedway Motors, applies to the claims against Creative Controls, which did not include any patent claims. But even if the amended scheduling order controls, Kindig-It filed its motion to compel well after the deadline. Written discovery had to be served by February 7, 2017 and fact discovery was closed on March 9, 2017. The filing of a motion to compel a month after the close of discovery was undoubtedly untimely.

Rule 16(b) of the Federal Rules of Civil Procedure requires either a district judge or a magistrate judge to issue a scheduling order that limits the time to complete discovery. "[A] 'Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Washington v. Arapahoe Cty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citation omitted). Once entered, the scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). This good cause requirement "requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (alteration in original) (citation omitted).

Despite the lateness of its motion to compel, Kindig-It makes no attempt to modify the scheduling order for good cause. Nor can the court discern good cause given that the responses to the discovery request were given 51 days before the close of fact discovery. Kindig-It had time to either file a motion to compel or request to extend the discovery deadline before it passed. Moreover, the fact that the parties may have been negotiating a settlement does not give them license to ignore deadlines without seeking permission of the court. A private agreement between the parties that "any discovery requests will be extended" does not extend the discovery

cutoff. [*See* Docket 16-5]. Rule 16(b)(4) unambiguously provides that a scheduling order "may be modified only for good cause and with the judge's consent."

Second, even if the motion to compel had been timely, the additional information sought by Kindig-It was not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).[1] Given the amount in controversy in this case and the limited scope of the sole remaining issue of damages, the court concludes that the additional information requested was not proportional to the needs of the case.

## CONCLUSION

The Court DENIES Kindig-It's motion to compel. [Docket 117].

Signed April 21, 2017.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[1] This language was added to Rule 26 in 2015, after this case had been initiated. By order of the Supreme Court, the 2015 amendments took "effect on December 1, 2015, and . . . govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order Amending the Federal Rules of Civil Procedure (April 29, 2015), *found at* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf. Because the amended language is similar to language from the previous version of Rule 26, *see* FED. R. CIV. P.26(b)(2)(C)(iii) (2014), the court concludes that it is just and practicable to apply the amended version of Rule 26 here, *see Basulto v. Exact Staff, Inc.*, No. 15-CV-01566-MSK-NYW, 2016 WL 879861, at *2 (D. Colo. Mar. 8, 2016).